IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hilario Guadalupe-Salazar, | NO. C 10-01173 JW |
| Petitioner, | **ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF JURISDICTION AND FOR IMPROPER VENUE** |
| v. | |
| Janet Napolitano, et al., | |
| Respondents. | |

Presently before the Court is Petitioner's Petition for Issuance of Writ of Habeas Corpus and Writ of Mandamus. (hereafter, "Petition," Docket Item No. 1.)

**A.  Background**

On August 25, 2008, Petitioner was detained by the Department of Homeland Security ("DHS") in an immigration raid on Howard Industries in Laurel, Mississippi. (Petition ¶ 7.) After the raid, Petitioner was placed in removal proceedings and enrolled in the Intensive Supervisory Appearance Program. (Id. ¶ 8.) Petitioner retained Mr. Prasad as pro bono counsel for his removal proceedings. (Id ¶ 9.) Petitioner and Mr. Prasad were scheduled to attend a hearing for the removal proceedings on March 23, 2010. (Id.) On January 2, 2010, Petitioner was arrested after the driver of the car in which he was a passenger was arrested for driving without a license. (Id. ¶ 10.) On January 6, 2010, Petitioner was brought to a DHS facility in Gulfport, Mississippi, where he told the officers that he had already been processed by the DHS and had an upcoming court date. (Id. ¶ 12.) DHS officers asked Petitioner questions and had him sign documents. (Id. ¶ 14.) On January 21, 2010, Petitioner was placed in handcuffs and leg shackles and transported to Matamoros, Mexico. (Id. ¶ 17.) Currently, Petitioner is in Oaxaca, Mexico. (Id. ¶ 18.) On March 19, 2010, this Petition was filed by Mr. Prasad on behalf of Petitioner. (See Docket Item No. 1.)

B. **Lack of Jurisdiction**

At issue is whether the Court has jurisdiction over this Petition.

Pursuant to 28 U.S.C. § 2241(c):

> The writ of habeas corpus shall not extend to a prisoner unless--
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or
> (5) It is necessary to bring him into court to testify or for trial.

Further, "[t]he Fifth Amendment guarantees due process in deportation proceedings." Colmenar v. INS, 210 F.3d 967, 971 (9th Cir. 2000). A writ of habeas corpus may be granted to allow an alien to re-enter the United States to appear for an immigration hearing. See Singh v. Waters, 87 F.3d 346, 350 (9th Cir. 1996); Mendez v. INS, 563 F.2d 956, 959 (9th Cir. 1977).

However, on May 11, 2005, Congress enacted the REAL ID Act which stripped district courts of habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5). The Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). However, the Act's jurisdiction-stripping provision "does not apply to federal habeas corpus petitions that do not involve final orders of removal." Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). "Therefore, in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal . . . pursuant to 28 U.S.C. § 2241." Id. at 1076.

Here, although it is clear that Petitioner has been deported, it is unclear from the facts alleged whether that was the result of a final deportation order which would strip this Court of jurisdiction over the Petition. Accordingly, Petitioner shall show cause as to the Court's jurisdiction.

## C. Improper Venue

At issue is whether the Northern District of California is the proper venue for this Petition.

"Traditional principles of venue are fully applicable in habeas suits." Lewis v. Ashcroft, No. 02-CV-2053 (FB), 2003 WL 22056396, at *2 (E.D.N.Y. Sept. 4, 2003). "Factors to be considered in determining whether venue is proper include (1) where all of the material events took place; (2) where the records and witnesses pertinent to petitioner's claim are likely to be found; and (3) the convenience of the forum for both the respondent and the petitioner." Id. (citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973)). Venue in a habeas proceeding is improper where the district in which the petition is filed has little or no connection to the deportation proceedings. See Lewis, 2003 WL 22056396, at *3; Gomez v. Ashcroft, No. 01-CV-4715 (FB) (SAC), 2003 WL 21396238, at *3 (E.D.N.Y. June 17, 2003). Where venue is improper, a court may transfer the case to an appropriate district pursuant to 28 U.S.C. § 1406(a) and § 1404(a). Lewis, 2003 WL 22056396, at *3.

Here, it is clear from the facts alleged that all events relevant to Petitioner's deportation occurred in Mississippi. In fact, it appears that the only basis for venue here is that Petitioner's counsel resides in this district. Accordingly, the Court orders Petitioner to show cause why the Petition should not be dismissed for improper venue or transferred to the Southern District of Mississippi.

## D. Conclusion

On or before **May 24, 2010**, Petitioner shall file with the Court and serve on Respondents, his Response to this Order to Show Cause and address both issues raised by the Court. Respondents shall file a Reply to Petitioner's Response on or before **June 4, 2010.**

Dated: May 4, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anoop Prasad aprasad@rreeves.com
Edward A. Olsen edward.olsen@usdoj.gov

**Dated: May 4, 2010**     **Richard W. Wieking, Clerk**

                                             **By:   /s/ JW Chambers**
                                                          **Elizabeth Garcia**
                                                          **Courtroom Deputy**