IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Hilario Guadalupe-Salazar, | NO. C 10-01173 JW |
|     Petitioner, | **ORDER TRANSFERRING CASE FOR IMPROPER VENUE** |
| v. | |
| Janet Napolitano, et al., | |
|     Respondents. | |

Presently before the Court is Hilario Guadalupe-Salazar's ("Petitioner") Petition for Issuance of Writ of Habeas Corpus and Writ of Mandamus. (hereafter, "Petition," Docket Item No. 1.) On May 4, 2010, the Court issued an Order to Show Cause requesting the parties to address whether jurisdiction and venue are proper in this Court. (hereafter, "May 4, 2010 Order," Docket Item No. 4.)

**A.  Background**

On August 25, 2008, Petitioner was detained by the Department of Homeland Security ("DHS") in an immigration raid on Howard Industries in Laurel, Mississippi. (Petition ¶ 7.) After the raid, Petitioner was placed in removal proceedings and enrolled in the Intensive Supervisory Appearance Program. (Id. ¶ 8.) Petitioner retained Mr. Prasad as pro bono counsel for his removal proceedings. (Id. ¶ 9.) Petitioner and Mr. Prasad were scheduled to attend a hearing for the removal proceedings on March 23, 2010. (Id.) On January 2, 2010, Petitioner was arrested after the driver of the car in which he was a passenger was arrested for driving without a license. (Id. ¶ 10.) On January 6, 2010, Petitioner was brought to a DHS facility in Gulfport, Mississippi, where he told the

officers that he had already been processed by the DHS and had an upcoming court date. (Id. ¶ 12.) DHS officers asked Petitioner questions and had him sign documents. (Id. ¶ 14.) On January 21, 2010, Petitioner was placed in handcuffs and leg shackles and transported to Matamoros, Mexico. (Id. ¶ 17.) Currently, Petitioner is in Oaxaca, Mexico. (Id. ¶ 18.) On March 19, 2010, this Petition was filed by Mr. Prasad on behalf of Petitioner. (See Docket Item No. 1.)

**B.  Jurisdiction**

The Court's May 4, 2010 Order requested that the parties address whether the REAL ID Act stripped this Court of jurisdiction because it was unclear whether Petitioner's deportation was the result of a final deportation order.

The REAL ID Act stripped district courts of habeas jurisdiction over final orders of deportation or removal, and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5). The Act made the circuit courts the "sole" judicial body able to review challenges to final orders of deportation, exclusion, or removal. See Alvarez-Barajas v. Gonzales, 418 F.3d 1050, 1052 (9th Cir. 2005). However, the Act's jurisdiction-stripping provision "does not apply to federal habeas corpus petitions that do not involve final orders of removal." Nadarajah v. Gonzales, 443 F.3d 1069, 1075 (9th Cir. 2006). "Therefore, in cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court, and on appeal . . . pursuant to 28 U.S.C. § 2241."

Here, the parties agree that Petitioner's deportation was not the result of a final deportation order.[1] Thus, the Court finds that the REAL ID Act does not preclude the Court from exercising jurisdiction.

**C.  Venue**

At issue is whether this district is a proper venue for the Petition.

---

[1] (Response to Show Cause Order at 2, hereafter, "Response," Docket Item No. 5; Reply to Petitioner's Show Cause Order at 2, hereafter, "Reply," Docket Item No. 6.)

2

"Traditional principles of venue are fully applicable in habeas suits." Henderson v. Immigration and Naturalization Serv., 157 F.3d 106, 127 (2d Cir. 1998). Factors to be considered in determining whether venue is proper include (1) where all of the material events took place; (2) where the records and witnesses pertinent to petitioner's claim are likely to be found; and (3) the convenience of the forum for both the respondent and the petitioner. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973). Venue in a habeas proceeding is improper where the district in which the petition is filed has little or no connection to the deportation proceedings. See Lewis v. Ashcroft, No. 02-CV-2053 (FB), 2003 WL 22056396, at *2 (E.D.N.Y. Sept. 4, 2003). Where venue is improper, a court may transfer the case pursuant to an appropriate district. See 28 U.S.C. § 1404(a), 1406(a).

Here, Petitioner contends that venue is proper because his counsel, Mr. Prasad, can file a petition on his behalf as a "next friend." Regardless of whether Mr. Prasad is a "next friend," the Court finds that venue is not proper in the Northern District of California. Since Mr. Prasad, as a "next friend," merely stands in the shoes of Petitioner, he must bring the action where venue would have otherwise been proper if the real party in interest (Petitioner) had brought the action on his own behalf. See Adem v. Bush, 425 F. Supp. 2d 7, 11 (D.D.C. 2006). All material events relevant to Petitioner's deportation occurred in Mississippi—*e.g.*, the immigration raid and later processing at the DHS facility. Petitioner has made no showing that any relevant witnesses or records are in this district. Rather, they are likely to be located in Mississippi, where the events relevant to deportation took place. Thus, the Court finds no basis for proper venue in this district.

Accordingly, the Court orders this case to be transferred to the Southern District of Mississippi pursuant to 28 U.S.C. § 1404(a) for further proceedings. The Clerk of Court shall immediately transfer this case and close the file.

Dated: June 30, 2010

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Anoop Prasad aprasad@rreeves.com
Edward A. Olsen edward.olsen@usdoj.gov
Lana Vahab lana.vahab@usdoj.gov

**Dated: June 30, 2010**                    **Richard W. Wieking, Clerk**

                                             **By:    /s/ JW Chambers**
                                             **Elizabeth Garcia**
                                             **Courtroom Deputy**